HAMPDEN (Case No. 6,008) [11 Fed. Cas. page 400]

## Case No. 6,007.

### The HAMMONIA.

[11 Blatchf. 413.] 1

Circuit Court, S. D. New York. Dec. 15, 1873.2

COLLISION—FOG—EXCESSIVE SPEED—STEAMER AND SAILING VESSEL.

1. If there is not time, after the sound of a fog-horn from a sailing vessel, in a fog, becomes audible to a steamer, for the latter to slow and deliberate sufficiently to learn the position and course of the sailing vessel, and thereupon take the proper measures to avoid her, that fact shows, per se, that the steamer is moving at too great speed.

2. In a fog so dense that another vessel cannot be seen, it is the duty of a steamer to move at such a rate, and with such control of herself, that, when apprised, by the means prescribed by statute, of the neighborhood of a sailing vessel, she san slow or stop in season to learn the position and course of the latter, and what measures are suitable and proper to avoid her.

3. It is no satisfactory test of the propriety of the speed of the steamer, that it is proved to be half-speed.

In admiralty.

Everett P. Wheeler, for libellants.
William C. Barrett, for claimants.

WOODRUFF, Circuit Judge. The decision of this case made in the district court [Case No. 6,005] was correct, upon the ground that the officers of the Hammonia mistook the position of the bark, and hastily, without due care, ported, and so caused the collision. But I desire to add further, that, if there was not time, after the sound of the fog-horn, from the bark, became audible on the steamer, for the latter to slow and deliberate sufficiently to learn the position and course of the bark, and thereupon take the proper measures to avoid her, that fact shows, per se, that the steamer was moving at too great speed. In a fog so dense that another vessel cannot be seen, it is the duty of a steamer to move at such a rate, and with such control of herself, that, when apprised, by the means prescribed by statute, of the neighborhood of a sailing vessel, she can slow or stop in season to learn the position and course of the latter, and what measures are suitable and proper to avoid her. It is unnecessary to fix a precise rate of speed. That will depend upon circumstances. But, a steamer should not rush on at such speed that, when peril arises, she cannot adopt the precautions which, on hearing a fog-horn, will be effectual to prevent collision; and, to that end, nothing is more important than that she should have reasonable time to ascertain the position and course of the vessel which she is to avoid. Nor is it any satisfactory test of the propriety of the speed of the steamer, that it is proved to be half-speed. To adopt

such a test would be, in effect, to authorize the steamer that had the greatest power of motion to move the fastest through a fog; or, in other words, to make reasonable speed in a dense fog depend, not upon the place, the liability to meet other vessels, or like circumstances, but upon the rate at which she is capable of moving when no fog exists.

The libellant must have a decree for the amount awarded in the district court, with interest and costs.